## SHAW v. SHAW.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

DIVORCE (§ 243*)—ALIMONY—ORDERS.

　　An interlocutory judgment for absolute divorce, which provided that the defendant should pay $40 per month as permanent alimony, is not, in view of Code of Civ. Proc. § 1774, providing that the interlocutory judgment may provide for the payment of alimony until the entry of final judgment, a basis for the collection of temporary alimony during the interval between the interlocutory and final decrees, even though no temporary alimony has been awarded, as to so construe the order would require it to be construed contrary to its terms, as requiring the payment of alimony "until and after" the rendition of the final judgment.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 684-686; Dec. Dig. § 243.*]

　　Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by Gertrude L. Shaw against William Barrett Shaw. Plaintiff's motion to punish defendant for contempt for noncompliance with a judgment granting her alimony was granted, and defendant appeals. Reversed, and motion to punish denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William Ford Upson, of New York City (Francis J. McLoughlin, of New York City, on the brief), for appellant.

David F. Manning, of Brooklyn, for respondent.

THOMAS, J. The plaintiff had an interlocutory judgment for absolute divorce, which, among other things, provided:

"That the defendant, William Barrett Shaw, pay unto the plaintiff, Gertrude L. Shaw, the sum of $40 per month as permanent alimony for her support and maintenance and the support and maintenance of the infant child, Leslie B. Shaw, the issue of this marriage."

Usual measures were taken to obtain payment thereof, and for defendant's alleged default in making payment he has been found guilty of contempt and ordered committed until the fine therefor shall be paid. Hence the appeal. The Code of Civil Procedure, § 1774, provides that:

"The interlocutory judgment may, in the discretion of the court, provide for the payment of alimony until the entry of final judgment."

The respondent's contention is that the alimony decreed to be paid is both the ad interim alimony so authorized, and that for which final judgment may provide. If so, the interlocutory judgment should be

construed to read that the " 'defendant  *  *  *  pay unto the plaintiff  *  *  *  the sum of $40 per month as permanent alimony for her support and maintenance and the support and maintenance of the infant child' until and after the entry of final judgment." By such construction the term "permanent alimony" describes that decreed to be paid between the entry of the interlocutory judgment and the entry of the final judgment. The learned counsel for the plaintiff states that:

"By the entry of the interlocutory judgment the alimony became permanent, for, if the alimony had not been fixed and determined in the interlocutory judgment, no alimony would be awarded in the final judgment."

By such reasoning there is no distinction between the alimony allowable before and after final judgment, and yet the Code intends a distinction, and, when the court characterized the alimony as permanent, it could not have intended to include the temporary limited to the entry of final judgment, for which the Code provides. No temporary alimony had been ordered in the case previous to the entry of the interlocutory judgment, and, if it were intended to begin at that time, appropriate words should have been used rather than those clearly showing the granting of permanent alimony upon and after the entry of the final judgment. If the plaintiff is in need, as she says, provision should have been made for her pursuant to the definite directions of the Code, whereby the defendant could know that the decree intended that he should pay before and after final judgment. But the word "permanent" should not be distorted to aid her, nor should the plain direction of the Code be disregarded.

The order should be reversed, and the motion to punish for contempt denied. All concur, except WOODWARD, J., dissenting.