ESTHER D. WIGHTMAN, Plaintiff, *v.* HAROLD A. WIGHTMAN, Defendant.

Supreme Court, Special Term, Madison County, February 24, 1948.

*Joe Schapiro* for plaintiff.

*Charles E. Winslow* for defendant.

SANTRY, J. This is an application for an order directing the entry of judgment for arrears of alimony and maintenance, alleged to be due under a decree of absolute divorce in favor of plaintiff.

The interlocutory decree was granted on the 2d day of February, 1946, and provided: " 4. That the defendant pay to this plaintiff the sum of One Hundred Forty and No/100 Dollars per month as and for the support of herself and three children, said sum to be payable monthly in advance between the First and Fifth days of each month."

The defendant made the monthly payments of $140 until July, 1947. In June, 1947, the plaintiff remarried, and the defendant made an application to reduce the payments, and by a decree dated November 1, 1947, and filed November 24, 1947, it was ordered " that the decree of divorce herein, dated February 2, 1946, which was entered on September 18, 1947, and which will become final on December 18, 1947, be and hereby is modified to the extent of reducing the provision of alimony to be paid thereunder from One Hundred Forty Dollars ($140.00) a month to Ninety Dollars ($90.00) a month; and, it is further ordered, that this modification shall apply to all future installments and to any that may be due and owing as of the 1st day of November, 1947."

Meanwhile it was discovered that the interlocutory decree had not been filed until after the expiration of the fifteen days required by statute, and an application was made to the court to excuse the default in filing and permit the decree to be filed, and an order of this court dated September 11, 1947, excused the delay, directed the interlocutory decree to be filed forthwith, and further provided, " and upon filing same, to be a valid interlocutory decree of divorce, which shall become absolute at the end of three months from the date of entry of this order and the said interlocutory decree unless modified, vacated or reversed in the meantime." The order and interlocutory decree were filed on the 18th day of September, 1947.

The plaintiff claims the defendant in default to the amount of $560, representing payments of $140 each for the months of July to October, 1947, inclusive.

Section 1175 of the Civil Practice Act provides: " The interlocutory judgment, in the discretion of the court, may provide for the payment of alimony or for the support and maintenance of the children of the marriage until the interlocutory judgment becomes final or until the entry of final judgment * * *."

The interlocutory judgment here contained no such provision. In the absence of such a provision, the directions made in the judgment for the payment for the support of the wife and children did not become operative until the judgment became final on the 18th day of December, 1947.

The plaintiff contends that because in the conclusions of law made by the court it was stated that the defendant pay the sum of $140 monthly for the support of the plaintiff and children " until and after final judgment," he became liable to make such payments while the judgment was interlocutory.

The answer to this contention is that the rights and obligations of the parties are fixed by the provisions of the judgment and not by those contained in the findings of fact or conclusions of law. The interlocutory judgment does not provide for payments until such judgment becomes final, as provided by statute. (*Shaw* v. *Shaw,* 154 App. Div. 324.)

The application is denied, with $10 costs. Submit order.